UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
APR 10 2013
Clerk, U.S. District and
Bankruptcy Courts

| | |
|---|---|
| CLIFTON BRUMLEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 13-465 |
| | ) |
| ERIC H. HOLDER JR. | ) |
| | ) |
| Respondent. | ) |

### MEMORANDUM OPINION

The Court construes petitioner's Petition for an Order for Deposition to Perpetuate Testimony as a petition for a writ of mandamus. The Court will grant the application to proceed *in forma pauperis* and dismiss the *pro se* petition for a writ of mandamus.

According to petitioner, Attorney General Eric Holder "refus[es] to investigate or intervene in the unconstitutional application and enforcement of the [Prison Litigation Reform Act] in the Fifth Circuit," Pet. at 2, and his failure to act has "resulted in the abrogation of [his] civil rights," *id.* at 7. Petitioner, who intends to bring an action in the future regarding the enforcement of civil rights statutes in the Fifth Circuit, *id.*, requests "an order authorizing him to depose Attorney General Eric Holder . . . to perpetuate [his] testimony," *id.* at 15.

Mandamus relief is proper only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *Council of and for the Blind of Delaware County Valley v. Regan*, 709 F.2d 1521, 1533 (D.C. Cir. 1983) (en banc). The party seeking mandamus has the "burden of showing that [his] right to issuance of the writ is 'clear and indisputable,'" *Gulfstream Aerospace Corp. v.*

*Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (citing *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 384 (1953)), and this petitioner utterly fails to meet his burden. "It is well-settled that a writ of mandamus is not available to compel discretionary acts," *Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases), and the Attorney General's decision to investigate any particular matter is left to his discretion, *see Shoshone Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995) ("Courts have also refused to review the Attorney General's litigation decisions in civil matters."); *see also United States v. Nixon*, 418 U.S. 683, 693 (1974) (acknowledging that the Executive Branch "has exclusive authority and absolute discretion to decide whether to prosecute a case"). The petition therefore must be denied. An Order accompanies this Memorandum Opinion.

DATE: 4/3/13

_____
United States District Judge